

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 4 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID LATTAL, | |
| Plaintiff, | Civil Action File No: |
| v. | **1 10 · CV - 0840** |
| PROCOLLECT, INC., | *-JOF* |
| Defendant. | **JURY TRIAL DEMANDED** |



## COMPLAINT

Plaintiff David Lattal, by and through counsel, brings this action against

Defendant ProCollect, Inc., on the grounds set forth herein.

## INTRODUCTION

1.   This is an action for statutory damages, attorney's fees and costs of this

action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. § 1692 *et seq.;* and treble damages, attorney's fees and costs of this

action pursuant to Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A.

§ 10-1-391 *et seq.*

2.   Defendant violated the FDCPA and FBPA by communicating with Plaintiff

in an effort to collect an alleged debt after Plaintiff informed Defendant in

writing to cease and desist from communicating with Plaintiff about the alleged debt, and engaging in deceptive, false and misleading communications.

## JURISDICTION

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

4.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.    Plaintiff is a natural person who resides in the County of Cherokee, State of Georgia.

6.    Plaintiff is a "consumer" as that term is defined by the FDCPA.  15 U.S.C. § 1692a(3).

7.    Defendant is a Texas corporation.

8.    Defendant is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

9.    Defendant's principal office address is 12170 Abrams Rd., #100, Dallas, Texas 75243.

10.   The name of Defendant's registered agent is David Goodhart.

11.    Defendant's registered agent may be served with legal process at 190 S. Collins Rd., Suite 102, Sunnyvale, Texas 75182.

12.    Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the states of Georgia and Texas.

## FACTUAL ALLEGATIONS

13.    Defendant uses the mails in its business.

14.    Defendant uses telephone communications in its business.

15.    Defendant does not maintain a place of business in Georgia.

16.    Defendant does not keep assets in Georgia.

17.    Defendant was engaged in the collection of a consumer debt allegedly owed by Plaintiff.

18.    The alleged debt was primarily for personal, family or household purposes.

19.    The alleged debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.    The alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

21.    On or about April 14, 2008, Defendant mailed Plaintiff a collection letter.

22.    On or about June 3 or 4, 2008, Plaintiff sent a letter dated June 3, 2008, to Defendant via UPS ("Plaintiff's Letter").

23.   A true and correct copy of Plaintiff's Letter is attached hereto as Exhibit "A," except that Plaintiff's address and account numbers have been redacted in part or in full.

24.   Plaintiff's Letter stated, in part: "I hereby request you cease all collection efforts and communication regarding the above referenced account."

25.   Defendant received Plaintiff's Letter on or about June 5, 2009.

26.   On or about April 21, 2009, Defendant mailed Plaintiff a collection letter dated April 21, 2009 ("Defendant's April 21st Letter").

27.   A true and correct copy of Defendant's April 21st Letter is attached hereto as Exhibit "B," except that Plaintiff's address, account number and customer number have been redacted in part or in full.

28.   On or about August 26, 2009, Defendant mailed Plaintiff a collection letter dated August 26, 2009 ("Defendant's August 26th Letter").

29.   A true and correct copy of Defendant's August 26th Letter is attached hereto as Exhibit "C," except that Plaintiff's address, account number and customer number have been redacted in part or in full.

30.   The August 26th Letter lists a collection fee of $7.50.

31.   Defendant was not authorized to charge Plaintiff a collection fee of $7.50.

32.   The August 26th Letter lists an original balance of $621.53.

33. The August 26th Letter lists a total amount owed of $442.57.

34. In the body of the August 26th Letter, Defendant states: "ProCollect will delete your account from your credit report and reduce the balance by 30% if payment of $1,805.59 is received in our office no later than 09/20/09.

35. Plaintiff did not owe the original creditor the sum of $1,805.59.

36. Plaintiff did not owe Defendant the sum of $1,805.59.

37. The request for a payment of $1,805.59 was an error.

38. The request for a payment of $1,805.59 had no factual basis.

39. The August 26th Letter stated that Plaintiff owed the sum of $442.57 and also requested payment of the sum of $1,805.59.

40. The August 26th Letter was confusing.

41. The August 26th Letter was deceptive.

42. The August 26th Letter was misleading.

## CAUSES OF ACTION

## COUNT ONE: VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to violations of 15 U.S.C. §§ 1692c(c), 1692e, 1692e(2) and 1692e(10).

45.   Defendant violated 15 U.S.C. §1692c(c) when it mailed Plaintiff the April 21st Letter and August 26th Letter after Defendant received a cease and desist letter from Plaintiff.

46.   Defendant violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) when Defendant sent Plaintiff the August 26th Letter requesting payments for two different amounts.

47.   Defendant violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) when Defendant claimed that Plaintiff owed Defendant a collection fee of $7.50 in Defendant's August 26th Letter.

48.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT TWO: VIOLATIONS OF
## GEORGIA'S FAIR BUSINESS PRACTICES ACT

49.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

51. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007).

52. Defendant repeatedly violated the FDCPA.

53. Defendant's violations of the FDCPA were violations of the FBPA.

54. Defendant's violations of the FDCPA and FBPA were intentional.

55. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages.

56. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## TRIAL BY JURY

57. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- for an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of treble damages pursuant to the FBPA;

- for an award of costs of litigation and reasonable attorneys' fees pursuant

  to 15 U.S.C. § 1692k(a)(3) and the FBPA; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 24, 2010

THE KOVAL FIRM, LLC

By: _____

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com
**Attorney for Plaintiff**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 24th day of March, 2010.

Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com